**LAYTON et al. v. WALTERMIRE.**
No. 5733.

Court of Civil Appeals of Texas. Amarillo.

Nov. 18, 1946.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellants.

G. C. Morris, of Greenville, for appellee.

STOKES, Justice.

Appellee, W. G. Waltermire, instituted this action against the appellants, W. T. Layton and Texas Bitulithic Company, for damages to his automobile and for the loss of its use while waiting for repairs and having it repaired, all of which he alleged was the result of a collision between his automobile and a truck being operated by one Jim Barrow. He alleged that Barrow was employed by the appellants in connection with highway construction work being performed by them upon the highway between Greenville and Commerce. He alleged the cost of the repairs to his automobile was $70.43, and his daily earnings by its use, of which he had been deprived, would have been $15.00 per day for twelve days, or a total of $180.00, making a grand total of $250.43. The case was tried by the court, without a jury, and judgment was rendered in favor of the appellee for the full amount of his alleged damages. Appellants duly excepted to the judgment, gave notice of appeal, perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas, and the case was transferred to this court by order of the Supreme Court equalizing the dockets of the Courts of Civil Appeals.

Appellants present and urge twelve assignments of error but, in the view we take of the case, it will not be necessary to discuss all of them. By the first three assignments, they contend that the court erred in rendering judgment against them because it was not established by the evidence that Barrow, the owner and operator of the truck which collided with appellee's automobile, was a servant or employee of either of the appellants, but that he was an independent contractor, and they were, therefore, not liable for his alleged acts in causing the damages for which appellee sued.

The undisputed evidence was to the effect that appellant, Texas Bitulithic Company, held a contract with the Highway Department, under which it had agreed to make the repairs in the highway above mentioned; that it was necessary to transport the material, consisting of sand, gravel and cement, from the point where it was located, referred to by the witnesses as the plant, to the place where the construction work was being conducted. Appellant, Texas Bitulithic Company, made a contract with appellant Layton, under which Layton undertook to transport the material from the plant to the construction work by means of trucks. He procured J. A. Lamm as his foreman to supervise the work and one of several persons procured by Lamm to transport the material was Jim Barrow, who owned a truck. The parol agreement entered into between them was that Barrow would work on the job with his truck, transport material from the plant to the point of construction in the ordinary manner, receive the loads at the plant and dump them on the highway at places indicated by an employee of the Texas Bitulithic Company. As remuneration for the service, he was to receive twenty-five cents per ton

for the first mile and five cents per ton for each additional quarter mile. This was the extent of the contract. The undisputed testimony of Lamm and Layton was to the effect that Lamm did not undertake to direct the manner in which Barrow performed the work and that no control over him was exercised by Lamm in any respect. He was free to arrive and begin work at any time he chose and quit at any time he desired. The length of time he took for lunch was not specified nor did Lamm undertake to control his hours of work. He was free to make as many trips with the material as he wished and under the agreement he had the right either to operate his truck or to employ someone else to do so. He furnished his own gasoline and oil and, if his truck broke down or a tire was injured or incapacitated, it was his, and not Lamm's, responsibility. Lamm testified that if the owner of a truck being used on the job, or the driver employed by him, should not perform the work according to the contract between Lamm and the truck owner, Lamm could, and would have, terminated the contract and forbade further incompetent work. He explained to Barrow and all of the truck drivers what he wanted them to do but did not direct the route which should be taken by the trucks in transporting the material nor exercise any other control over the manner in which the work was performed. The testimony showed that, on the occasion of the collision, appellee was traveling the highway from Greenville to Commerce. The construction work consumed about a half mile and when appellee approached the place where the work was in progress, the left half of the slab or hard surface portion had been removed and was being replaced, but the right hand side was not obstructed. Ample space was provided for the passage of vehicles and warning signals were placed at each end of the section under construction. While appellee was passing the section under construction and just before reaching the point where Barrow's truck was standing, Barrow began to back his truck out into the passageway. The movement was sudden and unexpected to appellee and, thinking he probably could pass before the truck struck his automobile, he attempt to accelerate his speed but the truck backed into his automobile and damaged his left rear fender and tire.

From the foregoing statement of the testimony, it will be seen that neither Lamm nor Layton nor any officer or employee of Texas Bitulithic Company had any authority or right to control or direct the method used by Barrow in transporting the material from the plant to the point where the highway was being constructed. It is clear and undisputed that the only interest either of them had in the work being performed was the result and not the manner by which the result was obtained. They had nothing whatever to do with the details in regard to the means or method of doing the work and in our opinion Barrow could not be classified as an employee or servant of either of them. It has been held a number of times in recent decisions of our Supreme Court, the federal courts, and the courts of other states, that one who engages the services of another to achieve certain results but who has no control nor right to control the details of the physical movements necessary to achieve them is not responsible for incidental negligence of the one so engaged while he is performing the work which he is engaged to perform. Shannon v. Western Indemnity Co., Tex. Com.App., 257 S.W. 522; Dave Lehr, Inc., v. Brown et al, Tex.Com.App., 91 S.W.2d 693; Smith Bros. v. O'Bryan, 127 Tex. 439, 94 S.W.2d 145; American Nat. Ins. Co. v. Denke et al, 128 Tex. 229, 95 S.W.2d 370; 107 A.L.R. 409; National Life & Accident Ins. Co. v. Morrison, 179 Tenn. 29, 162 S. W.2d 501; Great American Indemnity Co. v. Fleniken, 5 Cir., 134 F.2d 208.

Appellee calls our attention to the testimony of appellant Layton and his foreman Lamm to the effect that Lamm had the right under his contract with Layton to "hire" whatever men or trucks that were necessary; that Lamm did "hire" the truck drivers and that he could "fire" them if they were guilty of unworkmanlike conduct. Lamm further testified that "Barrow was working for me on or before the date of the accident" and that he, Lamm, had authority to terminate the services of the trucks and drivers. Appellee contends that

these expressions of appellant Layton and his foreman show that Barrow was an employee or servant of Layton and that Layton was, therefore, responsible for his negligence. We do not agree with appellant in this contention. The words "hire" and "fire" and the phrase "working for me on or about the date of the accident", and that Lamm had authority to terminate the services of the trucks and their drivers, were general statements and constituted conclusions of the witnesses, which, within themselves, lack probative force. According to the testimony, Lamm had the right to terminate the contract he had made with the truck drivers if any of them were not discharging in a proper manner the duties they had assumed under their contracts. This expression does not necessarily imply a relationship of master and servant or employee. In its relation to the testimony in this case, it indicates, and we think means, only that Lamm had the right to terminate the contract or decline to furnish any more material to a truck or driver if the work was not being performed in accordance with the agreement. Such an act could be performed by one who had entered into a contract with an independent contractor the same as it could be with an employee or servant. As we have shown above, the testimony revealed the kind of contract existing between Lamm and Barrow and it is conclusive from its terms that Barrow's relationship to the enterprise was that of an independent contractor. This identical question was definitely determined by the Supreme Court against the contention of the appellee in Dave Lehr, Inc., v. Brown, supra.

Appellee cites us to the case of J. W. Zempter Const. Co. v. Rodgers, Tex.Civ. App., 45 S.W.2d 763, and contends that the instant case is controlled by the holding of this court in that case. While the facts, as disclosed by the opinion in the Zempter case are similar to those presented here, an entirely different situation was revealed by the record in that case. The holding was that the elements of the relationship of independent contractor and also the elements of master and servant were revealed by the testimony and the case, therefore, presented one of fact as to whether or not the appellee was one or the other. The case was reversed for error of the trial court in declining to submit a requested special issue by which the jury would have been required to determine whether the appellee was an employee of the appellant. In the instant case, there were no such divergent elements, nor was there any conflict in the testimony. It, therefore, became a question of law which should have been determined by the court below adversely to the appellee. It is clear that under the holdings in the cases we have cited, Barrow was an independent contractor and appellants were, therefore, not responsible or liable for any incidental negligence of which he might have been guilty.

For the error committed by the court below in rendering judgment against the appellant, the judgment will be reversed and, since the record indicates the case was fully developed, judgment will be here rendered that appellee take nothing by his suit.